176

33 C.C.P.A.(Patents)

### Application of PINKERTON.
### Patent Appeal No. 5192.

Court of Customs and Patent Appeals.

June 11, 1946.

Pennie, Davis, Marvin & Edmonds, of New York City (Louis D. Forward, of New York City, and Clarence M. Fisher, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the claims (Nos. 1 and 2) in appellant's application for a patent for an alleged invention relating to the production of motor fuel by "the alkylation of butylenes with isobutane in the presence of" a catalyst, such as sulphuric acid.

The appealed claims read:

"1. In the production of motor fuel by the alkylation of butylenes with isobutane in the presence of strong sulfuric acid with intimate admixture of the hydrocarbon and acid in a reaction zone, the steps of separately cooling of the acid and hydrocarbon to temperatures substantially below the temperature of the mixture of acid and hydrocarbon before the acid and hydrocarbon feed are brought into contact with each other or with the reaction mixture.

"2. The process as in claim 1, in which the acid and hydrocarborn are cooled to a temperature about 20° F. or more below that of the mixture of acid and hydrocarbon undergoing reaction in the reaction zone."

The references are:

Pyzel, 2,232,674, February 18, 1941;

Altshuler et al., 2,238,802, April 15, 1941;

Parker, 2,286,504, June 16, 1942.

The alleged invention is sufficiently described in the appealed claims.

The claims were rejected by the Primary Examiner on each of the reference patents, and his rejection was affirmed by the Board of Appeals.

Each of the reference patents discloses the catalytic treatment of hydrocarbons in a reaction zone by acids at a reduced temperature.

Owing to the views we hold, it is unnecessary that we here describe the disclosures in the patents to Pyzel and Parker, as we are of opinion that the claims are unpatentable in view of the disclosure in the patent to Altshuler et al.

The patent to Altshuler et al., relates to a process of producing motor fuel by reacting butylenes with isobutane in the presence of a catalyst (sulphuric acid) in a reaction zone, and discloses the *cooling of the hydrocarbons* prior to the mixture of the same with the catalyst.

None of the references discloses the *cooling of the catalyst* prior to its contact with the hydrocarbons, whereas the appealed claims call for "separately cooling of the acid and hydrocarbon to temperatures substantially below the temper-

ature of the mixture of acid and hydrocarbon before" they are brought into contact with each other.

It was the view of the Board of Appeals that, although the hydrocarbon and the catalyst are cooled separately in appellant's process substantially below the temperature of the mixture of acid and hydrocarbon before they are brought into contact, as called for by claim 1, and are cooled separately to a temperature of about 20° F. or more below the mixture of acid and hydrocarbon, as called for by claim 2, the cooling of the hydrocarbon, as disclosed in the patent to Altshuler et al., would obviously, to some extent, cool the catalyst (sulphuric acid) when the two are brought into contact, and that as there is nothing of record to indicate that the cooling of the hydrocarbon and acid separately, or the degree to which they are cooled, is critical or would bring about an unexpected result, the claims do not define patentable subject matter in view of the prior art disclosures.

Although the appealed claims call for the cooling separately of the acid and the hydrocarbon, appellant states in his application that if the isobutane and olefin are separately supplied and the acid and the olefin portion of the hydrocarbon are cooled separately, the object of his invention will be carried out.

The theory of appellant is that the separate cooling of the catalyst and the hydrocarbon before admixture to a temperature sufficiently below that used in the reaction zone is such that the reaction does not raise the temperature substantially above that desired to be maintained in the reaction chamber; that such process is not disclosed in the prior art; that his process brings about an improved result; and that, therefore, the claims are patentable over the references of record.

It may be, as argued by counsel for appellant, that appellant's process is an improvement over the prior art. However, there is nothing in appellant's application to indicate either that the cooling of the catalyst and hydrocarbon separately, or that the cooling of each substance below the temperature of the mixture before

they are brought into contact, is critical. Nor is there anything of record to indicate that the cooling of the acid and the hydrocarbon to a temperature of "about 20° F. or more below that of the mixture of acid and hydrocarbon undergoing reaction in the reaction zone," as called for by appealed claim 2, is critical.

We have given careful consideration to the arguments of counsel for appellant, but are of opinion, as were the tribunals of the Patent Office, that the appealed claims are not patentable over the references of record. Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.